**Clarence Edward HAWKINS,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–01205–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 26, 2002.

Discretionary Review Refused
Jan. 29, 2003.

the appropriateness of the trial court's denial of any challenges for cause.

Joseph W. Varela, Houston, TX, for Appellant.

Donald W. Rogers, Jr., Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney—Harris County, Houston, for the State.

Panel consists of Justices NUCHIA, JENNINGS, and RADACK.

## OPINION

SHERRY J. RADACK, Justice.

A jury found appellant, Clarence Edward Hawkins, guilty of unlawful possession of a firearm by a felon. After finding an enhancement paragraph alleging a prior felony conviction to be true, the jury assessed punishment at 15 years imprisonment.[1] In two points of error, appellant argues (1) the evidence is legally insufficient to support his conviction, and (2) the trial court erred in admitting a penitentiary packet into evidence to prove up the enhancement allegation. We affirm.

## Background

Houston Police Officer David Thomas testified that, while working canine detail on January 8, 2001, he saw a car traveling northbound at a high rate of speed. The car ran red lights on the south and north sides of the freeway. Thomas followed the car, intending to pull it over for the traffic offenses he seen. The driver of the car did not stop after Thomas turned on his emergency lights. A high speed chase ensued with both cars traveling at speeds up to 70–80 miles per hour. Appellant then drove south on the service road and turned into a hotel parking lot on the North Freeway. Appellant got out of the car "very quickly as if he was going to run." No one else was in the car. Thomas ordered appellant to stop or his dog, which was on a leash, would be released. Appellant stopped and lay on the ground as ordered. Another Houston police officer arrived at the scene and handcuffed appellant. Thomas saw, in plain view, a .410 gauge shotgun in the back seat of the car as appellant lay on the ground. The butt of the gun was pointed down towards the floor, and the barrel was pointed up towards the rear window of the back door. The gun was within reach of the driver's seat. Officer Thomas placed the gun in his trunk after removing one live round. Appellant was arrested for evading arrest and taken to the police station. When it was determined that appellant had a previous felony conviction, he was charged with possession of a firearm by a felon.

## Legal Sufficiency

In his first point of error, appellant argues that the evidence is legally insufficient to support his conviction. Appellant contends that there was no attempt to take fingerprints on the gun, no attempt to "bag" his hands to determine if he had recently handled a gun, and no admission by him that the weapon belonged to him, that he knew it was there, or that he understood that he was under arrest on a weapons charge. Appellant argues that the State presented no evidence to prove he exercised care, custody, control, or management over the gun.

---

1. Appellant was previously convicted of sexual assault.

We review legal sufficiency by viewing the evidence in the light most favorable to the verdict to determine if any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App.2000). Although our analysis considers all evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the jury. *King,* 29 S.W.3d at 562.

 To establish unlawful possession of a firearm by a felon, the State must show that the accused was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement from supervision under community supervision, parole, or mandatory supervision, whichever date is later. Tex. Pen.Code Ann. § 46.04(a)(1) (Vernon Supp. 2002); *Martinez v. State,* 986 S.W.2d 779, 780 (Tex.App.-Dallas 1999, no pet.). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. Tex. Pen.Code Ann. § 6.01(b) (Vernon Supp.2002). The State may accomplish its task by proving an "affirmative link," which demonstrates that the defendant was conscious of his connection with the thing and [knew] what it was. *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim.App.1995); *Gill v. State,* 57 S.W.3d 540, 545 (Tex.App.-Waco 2001, no pet.). The evidence used to satisfy these elements can be either direct or circumstantial. *Brown,* 911 S.W.2d at 747. Some of the factors that may establish affirmative links to the contraband include whether: (1) the contraband was in a car driven by the accused; (2) the contraband was in a placed owned by the accused; (3) the contraband was conveniently accessible to the accused; (4) the contraband was in plain view; and (5) the contraband was found in an enclosed space. *Corpus v. State,* 30 S.W.3d 35, 38 (Tex.App.-Houston [14th District] 2000, pet. ref'd); *Gilbert v. State,* 874 S.W.2d 290, 298 (Tex.App.-Houston [1st District] 1994, pet. ref'd). The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Gilbert,* 874 S.W.2d at 298.

 Reviewing the evidence in the light most favorable to the verdict, the gun, found in plain view, was in the backseat of a car driven by appellant and was within easy reach of appellant. Appellant tried to escape by evading the police during a highspeed chase. Further, appellant was the driver and sole occupant of the vehicle at the time it was stopped. Appellant's previous felony conviction was established by the introduction of a penitentiary packet into evidence.

We hold that this evidence was legally sufficient to support appellant's conviction for possession a firearm by a felon.

We overrule appellant's first point of error.

### Admissibility of Penitentiary Packet

In his second point of error, appellant argues that the court erred by admitting a penitentiary packet used to prove the enhancement paragraph. Appellant objected to the evidence at the punishment phase of the trial on the grounds that authentication was not proper because the certification of the penitentiary packet did not come from the director of the Texas Department of Criminal Justice. Appellant contends the exhibit was signed by M.B. Thaler, who certified himself as the "Record Clerk of the Texas Department of Criminal Justice—Institutional Division," and there was nothing in the record to

show that Thaler was the designated officer with power or authority to certify documents under seal for the department, pursuant to the Code of Criminal Procedure, which provides:

> The Texas Department of Criminal Justice shall not take a defendant into custody under this article until the designated officer receives the documents required by Subsections (a) and (c) of this section. The designated officer shall certify under the seal of the department the documents received under Subsections (a) and (c) of this section. A document certified under this subsection is self-authenticated for the purposes of Rules 901 and 902, Texas Rules of Criminal Evidence.

TEX.CODE CRIM. PROC. ANN. art. 42.09, § 8(b) (Vernon Supp.2002).

Texas Rule of Evidence 902 provides in part:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: ... (4) a copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

TEX.R. EVID. 902.

■ We review the trial court's admission or exclusion of evidence under the abuse of discretion standard. *Moreno v.*

*State,* 858 S.W.2d 453, 463 (Tex.Crim.App. 1993). A trial court must be given wide latitude in its decision to admit or exclude evidence. *Theus v. State,* 845 S.W.2d 874, 881 (Tex.Crim.App.1992). As long as the trial court's evidentiary ruling was at least within the zone of reasonable disagreement, an appellate court may not disturb it. *Id.*

■ Appellant argues that section 8(b) would require that the certification of the penitentiary packet come only from the director of the Texas Department of Criminal Justice. By implication, appellant would also have us rule that the section 8(b) provides the only means of authentication for documents described in section 8(a) and (c) of the Code of Criminal Procedure.[2] Appellant cites no authority, nor are we aware of any, that supports either of his appellant's arguments.

Appellant supports his assertion, that certification can only come from the director of the TDCJ, by analogizing the case at hand to *State v. Muller,* 829 S.W.2d 805 (Tex.Crim.App.1992). In *Muller,* the Court held that, where article 44.01 of the Texas Code of Criminal Procedure required the "prosecuting attorney" to file a notice of appeal, only the prosecuting attorney could file such notice and not an assistant. *Id.* at 809. In this case, there is no requirement by section 8(b) that the director of the Texas Department of Criminal Justice certify the document in question. There is only the specific requirement that the certification be performed by a designated officer. In the absence of evidence suggesting that the records clerk of the Texas Department of Criminal Justice was not the designated officer, we note that there is a presumption of regularity of

---

**2.** Such a ruling would preclude the use of authentication rules 901 and 902 of the Texas Rules of Evidence where the document in question was included within the scope of those documents described by Article 42.09, section 8(a) and (c) of the Texas Code of Criminal Procedure.

governmental affairs. *See Reed v. State,* 811 S.W.2d 582, 587 (Tex.Crim.App.1991). In *Reed,* the court found that a public record was properly authenticated under Texas Rule of Evidence 901, based in part on the rationale that we can presume regularity in governmental affairs because public officials have a disincentive to falsity documents or otherwise violate the law in the course of their duties. *Id.*

 Here, using the same rationale used in the *Reed* decision, we will presume regularity within the Texas Department of Criminal Justice in the course of their certification of documents. Accordingly, we will presume that the records clerk was the designated officer who could properly certify the penitentiary packet where appellant presents no evidence to suggest the contrary.

Furthermore, we find that a document that is self-authenticating under Texas Rule of Evidence 902 need not satisfy the certification requirements of section 8(b) to be properly authenticated. Appellant provides no judicial or statutory authority stating that section 8(b) now provides the exclusive means of authenticating documents described in section 8(a) and (c). Both the Texas Rules of Evidence and the Texas Code of Criminal Procedure have set forth various ways that documents can be authenticated, the purpose of which is to ensure that documents admitted into court are reliable. A document deemed reliable by an avenue of authentication provided by the Texas Rules of Civil Procedure should not be excluded from court merely because it has not been authenticated through all possible avenues of authentication. We follow the line of reasoning set forth in *Barker v. State,* which held that an absurd result would be produced if section 8(b), which contains no exclusivity language, was held to be the exclusive means of authentication for documents within its scope where those documents satisfied the authentication requirements of Texas Rule of Evidence 902. 931 S.W.2d 344, 348–49 (Tex.App.-Fort Worth 1996, pet. ref'd). Accordingly, the trial court did not err in admitting the penitentiary packet as evidence for the State.

We overrule appellant's second point of error.

### Conclusion

We affirm the trial court's judgment.