Opinion filed July 27, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed July 27, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00040-CR 

                                                     __________

 

                          PATRICK
ARTHUR BOWERMAN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,589-A

 



 

                                                                   O
P I N I O N

 








Patrick Arthur Bowerman was indicted for the
offenses of possession of methamphetamine with the intent to deliver and
possession of methamphetamine in an amount with an aggregate weight of 400 or
more grams.   See Tex. Health & Safety Code Ann. '' 481.002(8), (38); 481.102(6) (Vernon
Supp. 2005), ''
481.112(a); 481.115(a) (Vernon 2003). 
The jury acquitted appellant of possession with intent to deliver but
convicted him of simple possession.  The
jury sentenced appellant to imprisonment in the Institutional Division of the
Texas Department of Criminal Justice for a term of twenty-five years and
assessed a fine of $25,000.  See Tex. Health & Safety Code Ann. ' 481.115(f) (Vernon 2003).  Appellant challenges his conviction for
possession of methamphetamine in two points of error.  We affirm.

                                                               Background
Facts

Officers of the Abilene Police Department executed
a search warrant on a residence located in Abilene on the morning of May 19,
2004, for the purpose of searching for the presence of methamphetamine.  In searching the garage at the residence,
Officer Tommy Pope testified that he noticed a strong odor of ether and
observed a functioning Ameth
lab@ in the garage.  Officer Pope also observed appellant lying on
a couch in the garage approximately three to four feet away from the meth
lab.  Officer Pope testified that the
meth lab was in a final stage of producing methamphetamine.  The officers recovered a liquid solution from
the meth lab which weighed in excess of 400 grams and contained the presence of
methamphetamine.

A search of appellant=s
pocket revealed a used syringe.  Officer
Pope also observed fresh needle marks on appellant=s
arm.  Officer Les Bruce testified that
appellant made the following statements to him:

He
stated to me that he was not a dope cook or a methamphetamine cook, that he
arrived at that residence the day before and that [the occupant of the residence]
was going to show him the process and show him how to cook methamphetamine.

 

Appellant testified in his own behalf at
trial.  He stated that he went to the
residence on the previous day for the purpose of buying drugs.  Appellant testified that he had not slept in
the preceding four or five days and that he fell asleep after he Ashot up@
with methamphetamine at the residence. 
He denied knowing of the existence of the meth lab prior to falling
asleep in the garage.  However, appellant
also acknowledged making the following statement to the police: AI believe I said, >[the occupant of the residence] was
showing me how to cook this.  Can you
release my wife?=@

                                                        Sufficiency
of the Evidence








Appellant attacks the legal and factual
sufficiency of the evidence supporting his conviction for possession of
methamphetamine in his first point of error. 
In order to determine if the evidence is legally sufficient, we must
review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  In order to determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting guilt is so weak
that the verdict is clearly wrong and manifestly unjust or whether the evidence
contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met. Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004); Ross v. State, 133 S.W.3d 618 (Tex. Crim. App. 2004); Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.
1996).  The jury is the sole judge of the
weight and credibility of the witnesses=
testimony, and due deference must be given to the jury=s
determination. Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 1981), art. 38.04 (Vernon 1979); Johnson,
23 S.W.3d at 8-9.  








In a possession of a controlled substance case,
the State must prove, either directly or circumstantially, that the accused
exercised actual care, custody, control, or management over the
contraband.  Section 481.002(38); Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The State does not
have to prove the accused had exclusive possession of the contraband; joint
possession is sufficient to sustain a conviction. See Cude v. State, 716
S.W.2d 46, 47 (Tex. Crim. App. 1986). 
When there is no evidence appellant was in exclusive control of the
place where the contraband was found, the State must offer additional,
independent facts and circumstances affirmatively linking him to the
contraband.  See Poindexter, 153
S.W.3d at 406.  The purpose of
affirmatively linking the accused to the contraband is to protect innocent
bystanders from conviction based solely on their fortuitous proximity to the
contraband. See Poindexter, 153 S.W.3d at 406.  Possible affirmative links include:  (1) whether the defendant was present when
the drugs were found; (2) whether the drugs were in plain view; (3) whether the
drugs were found in proximity to and accessible to the defendant; (4) whether
the defendant was under the influence of drugs when arrested; (5) whether the
defendant possessed other contraband or drug paraphernalia; (6) whether the
defendant made incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures;
(9) whether there was an odor of drugs; (10) whether the defendant owned or had
the right to possess the place where the drugs were found; (11) whether the
place the drugs were found was enclosed; (12) the amount of drugs found; (13)
whether the defendant possessed weapons; and (14) whether the defendant
possessed a large amount of cash.  Taylor
v. State, 106 S.W.3d 827, 831 (Tex. App.CDallas
2003, no pet.).  No set formula exists to
dictate a finding of affirmative links sufficient to support an inference of
knowing possession of contraband. Id. 
It is the Alogical
force@ of the
factors, not the number of factors present, that determines whether the elements
of the offense have been established. Id. at 831; Hawkins v. State,
89 S.W.3d 674, 677 (Tex. App.CHouston
[1st Dist.] 2002, pet. ref=d).

Appellant contends that the evidence was legally
and factually insufficient to support his conviction because there is no
evidence that he was aware of the presence of the meth lab in the garage before
he fell asleep there.  We disagree.  Based upon the evidence offered at trial, the
issue of appellant=s
previous knowledge of the meth lab is a question that involves the jury=s assessment of his credibility.  While appellant ultimately denied knowing
about the meth lab at trial, he told the officers at the scene that the
occupant of the residence was teaching him how to make methamphetamine.  As the sole judge of the witnesses= credibility, the jury was permitted to
accept appellant=s initial
statement about his knowledge of the meth lab. 
Furthermore, there were other 
facts which affirmatively linked appellant to the methamphetamine in
addition to his incriminating statement. 
These factors included appellant=s
proximity to the meth lab when Officer Pope discovered it, the strong odor
present in and around the garage, and appellant=s
possession of drug paraphernalia at the time of his arrest.  When all of the evidence is viewed in the
light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Furthermore, our review of the evidence in a
neutral light does not indicate that the evidence supporting appellant=s guilt was so weak that the verdict
was clearly wrong and manifestly unjust or that the evidence contrary to the
verdict was so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Accordingly, we
conclude that the evidence supporting appellant=s
conviction was both legally and factually sufficient.  Appellant=s
first point of error is overruled.

                                                             Motion
for New Trial








In his second point of error, appellant asserts
that the trial court erred in denying his motion for new trial. An appellate
court reviews a trial court=s
denial of a motion for new trial under the Aabuse
of discretion@
standard.  Charles v. State, 146
S.W.3d 204, 208 (Tex. Crim. App. 2004); Lewis v. State, 911 S.W.2d 1, 7
(Tex. Crim. App. 1995).  We do not
substitute our judgment for that of the trial court; but, rather we decide
whether the trial court=s
decision was arbitrary or unreasonable.  Id.  A trial court abuses its discretion in
denying a motion for new trial only when no reasonable view of the record could
support the trial court=s
ruling. Charles, 146 S.W.3d at 208.

Appellant alleged in his motion for new trial that
the testimony by Officers Pope and Bruce at trial differed from testimony that
they gave at a previous hearing.[1]  Appellant contends that the officers= testimony differed in the following
respects:

1. Officer Pope testified at trial that appellant Aappeared to be asleep@ when the officers entered the
garage.  Appellant contends that this
testimony is contradictory to Officer Pope=s
testimony at the previous hearing wherein he testified that appellant
definitely was asleep when the officers entered the garage.

 

2. Officer Bruce testified at trial that the
strong odor of ammonia produced by a meth lab would prevent anyone from
sleeping near it.  Officer Pope testified
at the previous hearing that he found an Igloo cooler that had an odor of
ammonia but that the cooler was located outside of the garage.  Officer Pope also testified at trial that the
garage smelled of ether.

 

Our review of the record indicates that the trial
court did not abuse its discretion in denying appellant=s
motion for new trial.  Officer Pope
acknowledged at trial that he may have previously testified that appellant was
asleep.  With respect to the testimony
regarding the odor of ammonia, Officer Pope also testified at trial about
finding the cooler outside of the garage. 
Thus, the jury essentially had the same testimony presented to it which
appellant cites from the previous hearing. 
Appellant had the opportunity to point out to the jury any perceived
inconsistencies in the officers=
testimony and it was within the jury=s
province to resolve any inconsistencies. 
Furthermore, the alleged inconsistencies which appellant raises appear
to be inconsequential.  The distinction
between being asleep and appearing to be asleep is a matter of semantics.  As for the Aodor@ testimony, both officers testified
about the presence of strong odors whenever methamphetamine is manufactured,
and they both indicated that the use of ammonia in the process is one of the
sources of these odors.  Appellant=s second point of error is overruled.








                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

July 27, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]The previous hearing involved a motion to revoke
appellant=s community supervision for  an earlier conviction.  The previous hearing occurred approximately
ten days prior to the date of the underlying trial.