NO. 07-05-0409-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 20, 2007
_____

CECIL CHARLES CASEL, AKA: CECIL CASEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0923863D; HONORABLE ROBERT K. GILL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Cecil Charles Casel, was convicted of unlawful possession of a firearm by a felon and sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of five years and fined $1,000. By two issues, appellant challenges the legal and factual sufficiency of the evidence to sustain the conviction. We affirm.

## Factual background

Officer Grow of the Fort Worth Police Department was patrolling on the east side of Fort Worth when he decided to walk through the parking lot of an establishment known as the Amarillo Spot. While going through the parking lot, Officer Grow looked inside a Cadillac and noticed a silver colored hand gun sticking partially out from under the driver's side seat. Officer Grow testified that the gun was seventy-five to ninety per cent visible from outside of the car.

At the conclusion of his shift, Officer Grow, gave the description of the vehicle and the license plate number to another officer and asked the second officer to maintain surveillance of the car. Eventually, appellant exited the Amarillo Spot and got into the vehicle. Appellant drove the vehicle for approximately 75 yards without any lights on and was stopped by the police. The officer observed the gun sticking out from the driver's side seat in the same location he had been given by Officer Grow. A check of appellant's criminal record revealed he had a previous conviction for a felony. Appellant was then arrested on the charge of a felon in possession of a firearm.

During the trial on this matter, appellant introduced the testimony of Destiny Wideman. Ms Wideman testified that she had borrowed appellant's car the day before the arrest and the gun was hers. She stated while she was using the car, she placed the gun under the driver's side seat. Subsequently, at about midnight she returned the car to appellant's job location, the Amarillo Spot, and forgot about the gun. Although the jury heard this evidence, appellant was convicted.

2

**Legal Sufficiency**

When reviewing legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim. App. 2004). The jury is the sole judge of the weight and credibility of the evidence.

To sustain a conviction for a felon in possession of a firearm, the State was required to prove that 1) appellant, 2) intentionally or knowingly, 3) possessed a firearm, 4) away from the premises where appellant resided and, 5) that appellant had been previously convicted of a felony offense. See TEX. PENAL CODE ANN. § 46.04(a)(2) (Vernon Supp. 2004). In a possession of a firearm by a felon case we analyze the sufficiency of the evidence by use of the rules adopted to analyze the sufficiency of the evidence in possession of controlled substance cases. Coleman v. State, 188 S.W.3d 708, 720 (Tex.App.–Tyler 2005, pet. ref'd), cert. denied, 127 S.Ct. 502 ( 2006). Therefore, the State was required to prove that appellant knew the weapon existed and exercised actual care, custody and control over it. Id. This proof may be either direct evidence or circumstantial, but the evidence must establish the accused's connection with the contraband was more than just fortuitous. See Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). Additionally, the mere presence of the appellant at the location of the weapon is

3

insufficient, by itself, to establish the required care, custody and control over it.  See Evans v. State, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006).

To meet this burden the State must demonstrate that, in addition to the presence or proximity of the appellant to the weapon, there are other factors that would establish appellant's connection sufficiently to prove the required elements of knowingly possessing the weapon.  In reviewing this other evidence, we are mindful that it is not the number of factors but rather the logical force of the other factors that is important.  Id.  Some of the factors that might be important include: 1) the contraband was in a car driven by appellant; 2) the contraband was in a place owned by appellant; 3) the contraband was conveniently accessible to appellant; 4) the contraband was in plain view; and 5) the contraband was found in an enclosed space.  See Hawkins v. State, 89 S.W.3d 674, 677 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd).

In the present case, the gun was found in appellant's vehicle and two witnesses testified that it was in plain view.  Additionally, the location of the weapon was within the passenger compartment, an enclosed area, and the weapon was easily accessible by appellant.  Accordingly, there was sufficient evidence to clearly show that appellant's presence and proximity to the weapon was much more than merely fortuitous.  This evidence rationally supports the jury finding that appellant possessed the weapon. Therefore, appellant's first issue is overruled.

**Factual Sufficiency**

Next, appellant contends that the evidence was factually insufficient to support the conviction. When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations and may not order a new trial simply because we may disagree with the verdict. See id. at 414. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. at 417. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003)

In the case before the court, appellant primarily relies upon the testimony of Destiny Wideman to prove that he had no knowledge of the weapon's presence and, therefore, could not have knowingly possessed the weapon. Ms. Wideman testified that she had borrowed the car while going from place to place to look for employment. Further, she testified that she had recently purchased the gun and placed it under the seat so as not to take it into the places where she was applying for work. The State extensively cross-examined her in an attempt to get specifics about where she applied for jobs, the

5

circumstances surrounding the purchase of the gun and the reasons the witness felt she needed the gun. The jury heard all of this evidence and it was within the jury's province to determined the weight and value of the testimony of Ms. Wideman and to judge the credibility of the witness. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2004). When conducting a factual sufficiency review, we must resist the temptation to sit as a thirteenth juror simply because we might arrive at a different conclusion than the jury. Watson, 204 S.W.3d at 417. After reviewing the evidence in a neutral light we cannot say that the jury was not rationally justified in finding appellant guilty beyond a reasonable doubt. Accordingly, appellant's second issue is overruled.

## Conclusion

Having overruled appellant's two issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

6