NO. 07-05-0409-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 20, 2007


 ______________________________



CECIL CHARLES CASEL, AKA: CECIL CASEL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;



NO. 0923863D; HONORABLE ROBERT K. GILL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Cecil Charles Casel, was convicted of unlawful possession of a firearm
by a felon and sentenced to confinement in the Institutional Division of the Texas
Department of Criminal Justice for a period of five years and fined $1,000. By two issues,
appellant challenges the legal and factual sufficiency of the evidence to sustain the
conviction. We affirm.


Factual background


 Officer Grow of the Fort Worth Police Department was patrolling on the east side
of Fort Worth when he decided to walk through the parking lot of an establishment known
as the Amarillo Spot. While going through the parking lot, Officer Grow looked inside a
Cadillac and noticed a silver colored hand gun sticking partially out from under the driver's
side seat. Officer Grow testified that the gun was seventy-five to ninety per cent visible
from outside of the car. 

 At the conclusion of his shift, Officer Grow, gave the description of the vehicle and
the license plate number to another officer and asked the second officer to maintain
surveillance of the car. Eventually, appellant exited the Amarillo Spot and got into the
vehicle. Appellant drove the vehicle for approximately 75 yards without any lights on and
was stopped by the police. The officer observed the gun sticking out from the driver's side
seat in the same location he had been given by Officer Grow. A check of appellant's
criminal record revealed he had a previous conviction for a felony. Appellant was then
arrested on the charge of a felon in possession of a firearm. 

 During the trial on this matter, appellant introduced the testimony of Destiny
Wideman. Ms Wideman testified that she had borrowed appellant's car the day before the
arrest and the gun was hers. She stated while she was using the car, she placed the gun
under the driver's side seat. Subsequently, at about midnight she returned the car to
appellant's job location, the Amarillo Spot, and forgot about the gun. Although the jury
heard this evidence, appellant was convicted.

Legal Sufficiency


 When reviewing legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim. App. 2004). The jury is the sole judge of the weight and
credibility of the evidence.

 To sustain a conviction for a felon in possession of a firearm, the State was required
to prove that 1) appellant, 2) intentionally or knowingly, 3) possessed a firearm, 4) away
from the premises where appellant resided and, 5) that appellant had been previously
convicted of a felony offense. See Tex. Penal Code Ann. § 46.04(a)(2) (Vernon Supp.
2004). In a possession of a firearm by a felon case we analyze the sufficiency of the
evidence by use of the rules adopted to analyze the sufficiency of the evidence in
possession of controlled substance cases. Coleman v. State, 188 S.W.3d 708, 720
(Tex.App.-Tyler 2005, pet. ref'd), cert. denied, 127 S.Ct. 502 ( 2006). Therefore, the State
was required to prove that appellant knew the weapon existed and exercised actual care,
custody and control over it. Id. This proof may be either direct evidence or circumstantial,
but the evidence must establish the accused's connection with the contraband was more
than just fortuitous. See Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). 
Additionally, the mere presence of the appellant at the location of the weapon is
insufficient, by itself, to establish the required care, custody and control over it. See Evans
v. State, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006).

 To meet this burden the State must demonstrate that, in addition to the presence
or proximity of the appellant to the weapon, there are other factors that would establish
appellant's connection sufficiently to prove the required elements of knowingly possessing
the weapon. In reviewing this other evidence, we are mindful that it is not the number of
factors but rather the logical force of the other factors that is important. Id. Some of the
factors that might be important include: 1) the contraband was in a car driven by appellant;
2) the contraband was in a place owned by appellant; 3) the contraband was conveniently
accessible to appellant; 4) the contraband was in plain view; and 5) the contraband was
found in an enclosed space. See Hawkins v. State, 89 S.W.3d 674, 677
(Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). 

 In the present case, the gun was found in appellant's vehicle and two witnesses
testified that it was in plain view. Additionally, the location of the weapon was within the
passenger compartment, an enclosed area, and the weapon was easily accessible by
appellant. Accordingly, there was sufficient evidence to clearly show that appellant's
presence and proximity to the weapon was much more than merely fortuitous. This
evidence rationally supports the jury finding that appellant possessed the weapon. 
Therefore, appellant's first issue is overruled.





Factual Sufficiency


 Next, appellant contends that the evidence was factually insufficient to support the
conviction. When an appellant challenges the factual sufficiency of the evidence
supporting his conviction, the reviewing court must determine whether, considering all the
evidence in a neutral light, the jury was rationally justified in finding the appellant guilty
beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App.
2006). In performing a factual sufficiency review, we are to give deference to the fact
finder's determinations and may not order a new trial simply because we may disagree with
the verdict. See id. at 414. As an appellate court, we are not justified in ordering a new
trial unless there is some objective basis in the record demonstrating that the great weight
and preponderance of the evidence contradicts the jury's verdict. See id. at 417. 
Additionally, an appellate opinion addressing factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury's verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003)

 In the case before the court, appellant primarily relies upon the testimony of Destiny
Wideman to prove that he had no knowledge of the weapon's presence and, therefore,
could not have knowingly possessed the weapon. Ms. Wideman testified that she had
borrowed the car while going from place to place to look for employment. Further, she
testified that she had recently purchased the gun and placed it under the seat so as not to
take it into the places where she was applying for work. The State extensively cross-examined her in an attempt to get specifics about where she applied for jobs, the
circumstances surrounding the purchase of the gun and the reasons the witness felt she
needed the gun. The jury heard all of this evidence and it was within the jury's province
to determined the weight and value of the testimony of Ms. Wideman and to judge the
credibility of the witness. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2004). When
conducting a factual sufficiency review, we must resist the temptation to sit as a thirteenth
juror simply because we might arrive at a different conclusion than the jury. Watson, 204
S.W.3d at 417. After reviewing the evidence in a neutral light we cannot say that the jury
was not rationally justified in finding appellant guilty beyond a reasonable doubt. 
Accordingly, appellant's second issue is overruled.

Conclusion


 Having overruled appellant's two issues, the judgment of the trial court is affirmed.


 Mackey K. Hancock

 Justice




Do not publish.