Affirmed and Memorandum Opinion filed March 31, 2009








Affirmed and Memorandum Opinion filed March 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00368-CR

_______________

 

EDWARD DEMOND AMEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                  
             

On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 06CR3706

                                                                                                                                      
         

 

M E M O R A N D U M   O P I N I O N

A jury
convicted Edward Demond Amey of unlawful possession of a firearm by a felon,
and the trial court assessed punishment at five years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  In a single issue, appellant
challenges the legal sufficiency of the evidence to support his conviction.  We
affirm.








I. Factual and Procedural Background

In
December 2006, Texas City Police Department (ATCPD@) officer Salvador Chapa was
dispatched to a local gameroom to investigate a robbery call.  The two suspects
in the robbery were described as black males.  At appellant=s trial, Chapa testified that he saw
two black males walking near the gameroom and initiated contact with them.  He
identified himself as a police officer and told them he was investigating a
nearby robbery.  One of the men, identified later that evening as appellant,
immediately ran from Chapa.  Chapa pursued appellant, but lost him during the
chase.  According to Chapa, while he was chasing appellant, Chapa saw him throw
something into a Abushy area@ near an apartment complex.  Chapa also saw that appellant
lost a shoe during the chase.  Chapa explained that, after losing appellant in
the apartment complex, he returned to the area where he had seen appellant
throw an object into the bushes and lose his shoe; Chapa recovered a .380
caliber pistol and a blue Nike tennis shoe, both of which were entered into
evidence at appellant=s trial.  Chapa testified that he and other TCPD officers set
up a Aperimeter area@ around the apartment complex in
which Chapa had lost sight of appellant.  They also called in a K-9 unit to
assist in the search for appellant.

Shortly
afterwards, officers became involved in a family disturbance at one of the
apartments.  Appellant, wearing one blue Nike tennis shoe and a Ahouse shoe,@ approached one of the officers who
was investigating the family disturbance.  This officer radioed Chapa, who
proceeded to the scene of the disturbance; Chapa identified appellant as the
individual who had fled from him.   Appellant was arrested.  

TCPD
captain Brian Goetschius questioned appellant the day after his arrest. 
Appellant signed the following voluntary statement, which was read to the jury
and admitted into evidence in written form:

Q. [by Goetschius]:   OK, last night you were
arrested.  Just prior to being arrested did you possess a handgun?








A. [by appellant]:       Yeah.

Q.:       OK, what type handgun did you possess and why did you have
it?

A.:       . . . I had a 380, it was for my own protection man,,,see
[sic], I am a felon, anybody that been on parole aint [sic] supposed to have no
gun man.  They said they pulled me over for a . . . robbery at the game room.

Q.:       OK, when the police first stopped you did you run because you
had the handgun on you?

A.:       That=s the only reason I ran, he told me he wanted to talk
about a . . . robbery,,, [sic] how that gonna look?

. . .

Q.:       Did you throw the handgun away before the police finally
arrested you?

A.:       I threw it in some bushes.

At
appellant=s trial, the State provided evidence regarding a prior final felony
conviction of appellant from June 2004.  The jury found appellant guilty as
charged in the indictment.  Appellant pleaded Atrue@ to an enhancement paragraph, and the
trial court sentenced him to five years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  This appeal timely ensued.

II.  Legal Sufficiency of the Evidence

A.        Standard of Review and
Applicable Law








When
reviewing the legal sufficiency of the evidence, we do not ask whether we
believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979).  Rather, we examine all
the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  Id. at 319; Mason v. State,
905 S.W.2d 570, 574 (Tex. Crim. App. 1995) (en banc).  Although we consider all
evidence presented at trial, we may not re‑weigh the evidence and
substitute our judgment for that of the jury.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000) (en banc).  In other words, the jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
their testimony, and it is the exclusive province of the jury to reconcile
conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.
Crim. App. 2000) (en banc).  Our review of the evidence includes both properly
and improperly admitted evidence.  Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).  We consider both direct and circumstantial evidence,
and all reasonable inferences that may be drawn therefrom in making our
determination.  Id.  

Appellant
was charged with the offense of unlawful possession of a firearm by a felon.  Tex. Penal Code Ann. ' 46.04(a)(1) (Vernon Supp. 2008).  To
convict appellant, the State was required to prove beyond a reasonable doubt
that appellant was previously convicted of a felony offense and possessed a
firearm after that conviction and before the fifth anniversary of his release
from confinement or from community supervision or parole, whichever was later. 
Id.; see also Hawkins v. State, 89 S.W.3d 674, 677 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  

B.        Analysis

Appellant
has not challenged the sufficiency of the evidence establishing his prior
felony conviction or the timing of his five-year anniversary from that
conviction.  He has only challenged the legal sufficiency of the evidence
showing that he possessed a firearm.  But, as noted above, appellant confessed
to this aspect of the offense: he acknowledged that he had a .380 caliber
handgun when he ran away from Chapa.  In fact, he stated that the only reason
he ran from the officer was because he knew he was not supposed to carry a
gun.  He further explained that he threw the gun into some bushes when he was
running from Chapa.  Finally, Chapa described seeing appellant throw an object
into a bushy area and then recovered a .380 caliber handgun from that area. 








Viewing
this evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could have found beyond a reasonable doubt that
appellant committed the offense of unlawful possession of a firearm by a felon.
We therefore overrule appellant=s issue.

III.  Conclusion

Having
determined that legally sufficient evidence supports appellant=s conviction, we overrule his sole
issue on appeal and affirm the trial court=s judgment.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).