

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00413-CR

ANTHONY SCOTT GORDON                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Anthony Scott Gordon of unlawful possession of a firearm by a felon and upon his plea of true to the enhancement allegation, assessed his punishment at twelve years' confinement. The trial court sentenced him accordingly. Appellant brings a single point on appeal, challenging the sufficiency of the evidence. Because the evidence is sufficient to support the jury's verdict, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

Through a series of text messages, investigators Ray Miller and Justin Caraway arranged to meet two men at a convenience store in Hood County for the purpose of buying a half pound of marijuana for $650. Miller and Caraway arranged to have uniformed, backup officers hidden near the convenience store and decided to arrest whoever showed up without making any attempt to purchase the marijuana. When the car in which Appellant was riding arrived at the convenience store, the officers stopped the car, arrested Appellant and the driver, Jason Michael May, and searched the car and the two men. The officers found a cell phone in Appellant's possession, and on the front passenger floorboard, they found a baggie with 1.6 ounces of marijuana and another baggie containing a nickel-plated nine millimeter handgun. The handgun held a fully loaded magazine plus one round in the chamber. The officers found a black ski mask in the rear passenger seat, a silver-bladed knife under the back seat, and a slim jim in the car's trunk. There is no evidence that anyone checked to determine if the handgun was registered to any particular person, nor did anyone check the handgun for fingerprints. When asked about the gun, Appellant denied that it was his. The cell phone that the officers removed from Appellant's possession contained pictures of Appellant and also contained text messages consistent with those sent and received by the investigators while they arranged for the marijuana purchase.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to

determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[3] The trier of fact is the sole judge of the weight and credibility of the evidence.[4] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[5] Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."[6] We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[7]

---

[2]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

[4]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[5]*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

[6]*Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

[7]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.[8]

As the State correctly sets out, it bears the burden of proving that Appellant was previously convicted of a felony offense and that he possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from community supervision, parole, or mandatory supervision, whichever is later.[9] Appellant challenges only the sufficiency of the evidence of the nexus between him and the handgun found in the car.

To sustain its burden of proving a sufficient nexus between Appellant and the handgun, the State must prove that possession of the firearm is a voluntary act.[10] Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for sufficient time to permit him to terminate his control.[11] The State must show that Appellant exercised actual care, custody, or control of the firearm; that he was conscious of his connection with the firearm; and that he possessed the firearm knowingly or

---

[8]*Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

[9]*See* Tex. Penal Code Ann. § 46.04 (West 2011); *Hawkins v. State*, 89 S.W.3d 674, 677 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

[10]*See* Tex. Penal Code Ann. § 6.01(a) (West 2011).

[11]*Id.* § 6.01(b); *Hawkins*, 89 S.W.3d at 677.

4

intentionally.[12]   It is not necessary that the State prove that Appellant had exclusive possession of the firearm.[13]   Proof of joint possession is sufficient to sustain the State's burden.[14]   Evidence of knowing or intentional possession of the firearm may be direct or circumstantial.[15]

Appellant argues that the evidence is insufficient to provide an affirmative link between him and the firearm because no one saw him handle the weapon; he testified that it was not his gun; his fingerprints were not found on the gun or on the bullets; despite Miller's testimony to the contrary, the picture on his cell phone of a hand holding a gun was not clearly identified as Appellant's hand holding the confiscated gun; the gun was not in plain view when the police found it; he was in the car for only a short period of time; he did not possess other contraband; he did not flee; he did not own the vehicle; and the place where the gun was found was not enclosed.

Viewing the evidence in the light most favorable to the jury's verdict, we note that the record shows that Appellant was seated in the front passenger seat of the car.  The fully loaded firearm and the marijuana were both located at his

---

[12]*See Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.); *Smith v. State*, 118 S.W.3d 838, 841 (Tex. App.—Texarkana 2003, no pet.).

[13]*See Bates*, 155 S.W.3d at 216; *Hawkins*, 89 S.W.3d at 677.

[14]*Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd).

[15]*Hawkins*, 89 S.W.3d at 677.

feet. The text messages setting up the buy came from the cell phone found in Appellant's possession. The person sending the text messages to the investigators said, "My boy brought me." Indeed, Appellant was the passenger and was being driven by May. The investigators testified that they were afraid the person texting them was planning to rob them because he instructed them to separate. Their suspicions were confirmed when they discovered that Appellant had brought a fully loaded handgun and significantly less than the half pound of marijuana that they had agreed to purchase.

Applying the appropriate standard of review, we hold that a rational jury could have found the circumstances sufficient to prove to them beyond a reasonable doubt that Appellant knowingly possessed the firearm. We overrule Appellant's sole point and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 20, 2012