02-11-413-CR













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00413-CR

 

 


 
 
 Anthony Scott Gordon
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE
355th District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Anthony Scott Gordon of unlawful possession of a
firearm by a felon and upon his plea of true to the enhancement allegation,
assessed his punishment at twelve years’ confinement.  The trial court sentenced him accordingly.  Appellant brings a single point on appeal,
challenging the sufficiency of the evidence.  Because the evidence is sufficient to support
the jury’s verdict, we affirm the trial court’s judgment.

Through
a series of text messages, investigators Ray Miller and Justin Caraway arranged
to meet two men at a convenience store in Hood County for the purpose of buying
a half pound of marijuana for $650.  Miller and Caraway arranged to have uniformed,
backup officers hidden near the convenience store and decided to arrest whoever
showed up without making any attempt to purchase the marijuana.  When the car in which Appellant was riding arrived
at the convenience store, the officers stopped the car, arrested Appellant and
the driver, Jason Michael May, and searched the car and the two men.  The officers found a cell phone in
Appellant’s possession, and on the front passenger floorboard, they found a
baggie with 1.6 ounces of marijuana and another baggie containing a
nickel-plated nine millimeter handgun.  The
handgun held a fully loaded magazine plus one round in the chamber.  The officers found a black ski mask in the
rear passenger seat, a silver-bladed knife under the back seat, and a slim jim
in the car’s trunk.  There is no evidence
that anyone checked to determine if the handgun was registered to any
particular person, nor did anyone check the handgun for fingerprints.  When asked about the gun, Appellant denied
that it was his.  The cell phone that the
officers removed from Appellant’s possession contained pictures of Appellant and
also contained text messages consistent with those sent and received by the
investigators while they arranged for the marijuana purchase.

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.[2]

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.[3]  The trier of fact is the sole judge of the
weight and credibility of the evidence.[4]  Thus, when performing an evidentiary
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the factfinder.[5]  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.”[6]  We must presume that the factfinder resolved
any conflicting inferences in favor of the verdict and defer to that
resolution.[7]

The
standard of review is the same for direct and circumstantial evidence cases;
circumstantial evidence is as probative as direct evidence in establishing the
guilt of an actor.[8]

As
the State correctly sets out, it bears the burden of proving that Appellant was
previously convicted of a felony offense and that he possessed a firearm after
the conviction and before the fifth anniversary of his release from confinement
or from community supervision, parole, or mandatory supervision, whichever is
later.[9]  Appellant challenges only the sufficiency of
the evidence of the nexus between him and the handgun found in the car.

To
sustain its burden of proving a sufficient nexus between Appellant and the
handgun, the State must prove that possession of the firearm is a voluntary
act.[10]  Possession is a voluntary act if the possessor
knowingly obtains or receives the thing possessed or is aware of his control of
the thing for sufficient time to permit him to terminate his control.[11]  The State must show that Appellant exercised
actual care, custody, or control of the firearm; that he was conscious of his
connection with the firearm; and that he possessed the firearm knowingly or
intentionally.[12]
 It is not necessary that the State prove
that Appellant had exclusive possession of the firearm.[13]  Proof of joint possession is sufficient to
sustain the State’s burden.[14]  Evidence of knowing or intentional possession
of the firearm may be direct or circumstantial.[15]

Appellant
argues that the evidence is insufficient to provide an affirmative link between
him and the firearm because no one saw him handle the weapon; he testified that
it was not his gun; his fingerprints were not found on the gun or on the
bullets; despite Miller’s testimony to the contrary, the picture on his cell
phone of a hand holding a gun was not clearly identified as Appellant’s hand
holding the confiscated gun; the gun was not in plain view when the police
found it; he was in the car for only a short period of time; he did not possess
other contraband; he did not flee; he did not own the vehicle; and the place
where the gun was found was not enclosed.

Viewing
the evidence in the light most favorable to the jury’s verdict, we note that the
record shows that Appellant was seated in the front passenger seat of the car.  The fully loaded firearm and the marijuana
were both located at his feet.  The text
messages setting up the buy came from the cell phone found in Appellant’s
possession.  The person sending the text
messages to the investigators said, “My boy brought me.”  Indeed, Appellant was the passenger and was
being driven by May.  The investigators
testified that they were afraid the person texting them was planning to rob
them because he instructed them to separate.  Their suspicions were confirmed when they
discovered that Appellant had brought a fully loaded handgun and significantly
less than the half pound of marijuana that they had agreed to purchase.

Applying
the appropriate standard of review, we hold that a rational jury could have
found the circumstances sufficient to prove to them beyond a reasonable doubt
that Appellant knowingly possessed the firearm.  We overrule Appellant’s sole point and affirm
the trial court’s judgment.

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 20, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00413-CR

 

 


 
 
 Anthony Scott Gordon
  
  
  
 v.
  
  
  
 The State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 355th District Court
  
 of
 Hood County (CR11761)
  
 September
 20, 2012
  
 Opinion by Justice
 Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This court has considered the record on appeal in this
case and holds that there was no error in the trial court’s judgment.  It is ordered that the judgment of the trial
court is affirmed.

 

SECOND DISTRICT
COURT OF APPEALS

 

 

 

By_________________________________

    Justice Lee Ann Dauphinot

 











[1]See Tex. R. App. P. 47.4.





[2]Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330 S.W.3d 633, 638
(Tex. Crim. App. 2010).





[3]Jackson, 443
U.S. at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.





[4]See Tex.
Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d
564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).





[5]Williams v. State, 235
S.W.3d 742, 750 (Tex. Crim. App. 2007).





[6]Hooper
v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).





[7]Jackson, 443
U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.





[8]Isassi, 330
S.W.3d at 638; Hooper, 214 S.W.3d at 13.





[9]See Tex. Penal Code Ann.
§ 46.04 (West 2011); Hawkins v. State, 89 S.W.3d 674, 677 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d).





[10]See Tex. Penal Code Ann. § 6.01(a) (West 2011).





[11]Id. § 6.01(b); Hawkins, 89 S.W.3d at 677.





[12]See Bates v. State, 155 S.W.3d 212, 216
(Tex. App.—Dallas 2004, no pet.); Smith
v. State, 118 S.W.3d 838, 841 (Tex.
App.—Texarkana 2003, no pet.).





[13]See Bates, 155 S.W.3d at 216; Hawkins, 89 S.W.3d at 677.





[14]Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); Smith v. State, 176 S.W.3d
907, 916
(Tex. App.—Dallas 2005, pet. ref’d).





[15]Hawkins, 89 S.W.3d at 677.