Opinion issued May 14, 2009















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00318-CR

____________


BODERICK DARETT DAVIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1105171





 

MEMORANDUM OPINION


 Appellant, Boderick Darett Davis, appeals a judgment that convicts him for the
third-degree felony of felon in possession of a firearm. See Tex. Penal Code Ann.
§ 46.04(a)(1) & (2) (Vernon Supp. 2008). Appellant pleaded not guilty to the jury,
and the jury found him guilty. After it found true two punishment enhancement
paragraphs, the trial court determined his sentence at 35 years in prison. In two
issues, appellant contends that the evidence is factually insufficient to support his
conviction and that his trial counsel rendered ineffective assistance. We conclude
that the evidence is factually sufficient to support appellant's conviction and that
appellant has not shown that his trial counsel's performance fell below an objective
standard of reasonableness. We affirm.

Background

 On February 20, 2007, Houston Police Department Officer Griffith was on
patrol, along with fellow officers Trant and Wagner behind him in a separate car. 
Officer Griffith saw appellant back his car into the driveway of a vacant lot, then get
out of the car and begin approaching a man who was walking down the street toward
him. Believing a drug transaction was about to take place, Officer Griffith
illuminated appellant with a spotlight. 

 In response to the light, appellant turned around and ran toward the rear of his
car. Officer Griffith saw appellant "pull[] an object out of his waistband that
appeared to be a weapon, and toss[] it behind the car." The officers arrested appellant
after a short chase on foot. Officer Trant then recovered a firearm from behind the
parked car. He also found a cellophane wrapper containing cocaine in plain view on
the console of the car driven by appellant. A Houston Police Department latent-print
examiner testified at trial that no fingerprints could be developed from the weapon
or the cartridges inside. 


Factual Sufficiency of Evidence

 In his first issue on appeal, appellant contends the evidence is factually
insufficient to establish he knowingly possessed the firearm.

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set aside the verdict only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury's verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

 Appellate courts should afford almost complete deference to a jury's decision 
when that decision is based upon an evaluation of credibility. Lancon v. State, 253
S.W.3d 699, 705 (Tex. Crim. App. 2008). The jury is in the best position to judge the
credibility of a witness because it is present to hear the testimony, as opposed to an
appellate court who relies on the cold record. Id. The jury may choose to believe
some testimony and disbelieve other testimony. Id. at 707.

 To establish the offense of felon in possession of a firearm, the evidence must
show that the defendant was previously convicted of a felony and that he possessed
a firearm either (1) after conviction and before the fifth anniversary of the person's
release from confinement or supervision, whichever is later, or (2) after that time
period at a location other than the premises where the defendant lives. Tex. Penal
Code Ann. § 46.04(a)(1) & (2); see Hawkins v. State, 89 S.W.3d 674, 677 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd). The only element appellant challenges
is whether he possessed the firearm. 

 Appellant contends that Officer Griffin never testified to actually seeing
appellant possess the weapon, and therefore the State was required, but failed, to
provide enough circumstantial evidence "affirmatively link[ing]" appellant to the
weapon to sufficiently establish that he knowingly possessed it. See Hawkins, 89
S.W.3d at 677 (citing Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995));
see also Evans v. State, 202 S.W.3d 158, 161 n.9 (Tex. Crim. App. 2006). Appellant
points to evidence that Officer Griffith claimed to witness the appellant throwing an
"object" that appeared to be a "weapon"; that the pistol was found in a vacant lot
open to the public and known for drug trafficking; that he was detained due to
suspicion of drug activity, not because of the firearm; that the presence of cocaine in
the car explains appellant's presence in the lot and his motivation for fleeing arrest;
and that no fingerprints were found on the firearm or its cartridges. Although
appellant accurately portrays evidence in the record, the evidence is not factually
insufficient to sustain the conviction. The officer's testimony suffices to establish
knowing possession by appellant because the officer said he saw appellant holding
what "appeared to be a weapon," and the officers recovered the firearm from behind
the parked car where appellant had thrown the object. See Johnson v. State, 176
S.W.3d 74, 78 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd) ("The testimony of
a single eyewitness . . . is sufficient to support a felony conviction.").

 Appellant's challenge to the factual sufficiency of the evidence is based on the
credibility of witnesses and the weight to give their testimony, issues on which we
must defer to the jury. See Lancon, 253 S.W.3d at 705. We conclude that, viewed
in a neutral light, the evidence tending to prove that appellant is guilty of being a
felon in possession of a firearm is not so weak as to render the jury's verdict clearly
wrong or manifestly unjust. See Johnson, 23 S.W.3d at 11. We also conclude that,
viewed in a neutral light, the verdict is not against the great weight and
preponderance of the evidence that appellant committed the offense of being a felon
in possession of a firearm. See id. We hold that the evidence is factually sufficient
to sustain the jury's guilty verdict. See id. 

 We overrule appellant's first issue.

Ineffective Assistance of Counsel

 In his second issue, appellant contends that trial counsel's representation was
ineffective because trial counsel withdrew his objection to testimony regarding
appellant's post-arrest silence.

 To prevail on a claim of ineffective assistance of counsel, the appellant must
show that trial counsel's performance was deficient and a reasonable probability
exists that the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687, 693, 104 S. Ct. 2052, 2064, 2068 (1984). The first
prong of the Strickland test requires that the defendant show that counsel's
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove, by a
preponderance of the evidence, that trial counsel's representation objectively fell
below professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). The second prong requires that the defendant show a reasonable probability
that, but for counsel's unprofessional errors, the result of the proceeding would have
been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9
S.W.3d at 812. Because the reviewing court must, however, indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable
professional assistance, the defendant must overcome the presumption that, under the
circumstances, the challenged action "might be considered sound trial strategy." 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 

 Any allegation of ineffectiveness must be firmly founded in the record, which
must demonstrate affirmatively the alleged ineffectiveness. Thompson, 9 S.W.3d at
813 (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We
will not speculate to find trial counsel ineffective when the record is silent on
counsel's reasoning or strategy. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st
Dist.] 1996, no pet.). In rare cases, however, the record can be sufficient to prove that
counsel's performance was deficient, despite the absence of affirmative evidence of
counsel's reasoning or strategy. See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App.2000). Such cases are limited to occasions where no reasonable attorney
could have made such a decision. Weaver v. State, 265 S.W.3d 523, 538 (Tex.
App.--Houston [1st Dist.] 2008, pet. ref'd).

 At trial, Officer Griffith was asked questions by the State concerning
appellant's statements to the police that evening. The following exchange took place
during direct examination:

[State]: Now, Officer Griffith, once you put the spotlight and you
walked around, you said the defendant threw the gun down?


[Griffith]: Yes, sir.


[State]: Or what you suspected to be a gun at that initial moment?


[Griffith]: I believed it to be a gun. In fact, I believe, I made a comment
to the other officer that he threw a gun.


[State]: Okay. When you went to the back of the vehicle, what did you
find?


[Griffith]: The weapon.


[State]: Did the defendant make any statements to you regarding
possessing the firearm?


[Griffith]: No, he did not.


[Defense]: Objection, Your Honor - I withdraw the objection.


[State]: Did the defendant make any statements to you at all that night?


[Griffith]: Other than -


[Defense]: Objection, Your Honor. Unless he can put a predicate with
that, I object.


[Court]: That will be sustained. 


 Appellant contends that because the firearm was not found on his person and
he did not have exclusive control over the place where it was found, the State had to
prove an affirmative link between appellant and the firearm by other evidence. 
Appellant asserts that trial counsel withdrew his objection to Officer Griffith's
comments about appellant's post-arrest silence, which allowed the jury to infer that
appellant possessed the weapon in question and that, in a case depending on
affirmative links, this constituted an egregious mistake amounting to ineffective
assistance of counsel. 

 Appellant did not obtain a motion for new trial and no direct evidence in the
record establishes why appellant's attorney did not object at trial to the testimony
complained of on appeal. We therefore presume that counsel had a plausible reason
for his actions. See Thompson, 9 S.W.3d at 814. Moreover, the trial court would not
have properly sustained an objection because the State was not asking Officer Griffith
about appellant's post-arrest statements but about statements made at the time Officer
Griffith recovered the firearm, prior to appellant's arrest. The record does show that
appellant's attorney then objected to any statements made by appellant "at all that
night," which could have encompassed post-arrest silence, and the trial court
sustained that objection. 

 This record fails to show that "no reasonable attorney would have made such
a trial decision." Broussard, 68 S.W.3d at 206-07. We hold that appellant does not
meet the first prong of Strickland because he has failed to show that his counsel's
performance fell below an objective standard of reasonableness. See Mitchell, 68
S.W.3d at 642; Thompson, 9 S.W.3d at 812. 

 We overrule appellant's second issue.Conclusion

 We affirm the judgment of the trial court.




 Elsa Alcala

 Justice


Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).