Paul Isaac MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–97–00613–CR.

Court of Appeals of Texas,
Dallas.

Feb. 11, 1999.

Victoria E. Abbott, Coppell, for Appellant.

Tammy Harrison, Asst. Dist. Atty., Dallas, for State.

Before Justices LAGARDE, KINKEADE and WRIGHT.

## OPINION

KINKEADE, Justice.

We withdraw the opinion issued on December 3, 1998. The following is now the opinion of the Court.

Paul Isaac Martinez was convicted in a trial before the court of unlawful possession of a firearm by a felon and sentenced to three years' imprisonment and a $300 fine. In his sole point of error, appellant maintains the evidence is legally insufficient to support his conviction because the State failed to prove his possession of the firearm was within the required statutory time frame. Appellant does not challenge the sufficiency of the evidence proving the other elements of the offense.

■ To prove unlawful possession of a firearm by a felon, the State must show that the person: 1) has been convicted of a felony offense; and 2) possesses a firearm "after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." TEX. PEN. CODE ANN. § 46.04(a)(1) (Vernon 1994). Appellant maintains that section 46.04(a)(1) required the State to prove that he possessed the firearm in a time frame that *began with his release* from confinement, community supervision, parole, or mandatory supervision and ended on the five-year anniversary of his release. Appellant contends the evidence is insufficient to support his conviction because there was no evidence that he had been released from confinement or supervision. We disagree.

Appellant's interpretation distorts the plain meaning of the statute, which clearly sets out a time period for commission of the offense that *begins with conviction* and extends five years beyond the defendant's release from confinement, community supervision, parole, or mandatory supervision, "whichever date is later." Further, appellant's interpretation of section 46.04 produces an absurd result because it would mean that a person could not commit the offense of possession of a firearm by a felon if the person possessed a firearm while confined, on community supervision, on parole, or on mandatory supervision. *See generally Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim. App.1991) (explaining considerations in statutory construction). Finally, appellant's interpretation ignores the legislature's intent to prohibit convicted felons from possessing firearms. *Cf. Boyd v. State*, 899 S.W.2d 371, 374 (Tex.App.—Houston [14th Dist.] 1995, no pet.) (analyzing a prior version of the statute that required the underlying conviction to be a felony involving violence and concluding that the statute was intended to keep violent offenders from arming themselves and moving about the community). Accordingly, we reject appellant's interpretation of section 46.04(a)(1).

■ Here, appellant stipulated that he was convicted of a felony offense on May 8, 1996 in cause number F96–44535–NK. It is also undisputed that the date on which the police recovered a firearm from appellant's car and arrested him was January 8, 1997, the date alleged in the indictment. Reviewing this evidence under the appropriate standard of review, we conclude the evidence is legally sufficient to prove that appellant possessed the firearm after his conviction in cause number F96–44535–NK and before the fifth anniversary of his release from confinement or supervision in cause number F96–44535–NK as required by section 46.04(a)(1) of the penal code. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, we overrule appellant's point of error.

We affirm the trial court's judgment.