AFFIRM; Opinion issued December 12, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00992-CR

**RICHARD ADAM WELCH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court
Kaufman County, Texas
Trial Court Cause No. 28658-86**

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

A jury convicted Richard Adam Welch of unlawful possession of a firearm by a felon and assessed punishment at five years in prison. In a single issue, appellant claims the evidence is legally insufficient to support his conviction. We affirm.

In his sole issue, appellant claims the evidence is insufficient to show he was in possession of the firearm because he did not exercise care, custody, or control over the firearm.

We review a challenge to the sufficiency of the evidence under well established standards. *See Jackson v. Virginia*, 444 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The State was required to prove beyond a reasonable doubt that appellant, a felon, was in unlawful possession of a firearm. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011); *see also*

*Martinez v. State*, 986 S.W.2d 779, 780 (Tex. App.—Dallas 1999, no pet.). Because appellant does not dispute the proof offered at trial showing his prior felony conviction, the evidence must show appellant possessed the firearm. To do so, the State must prove appellant exercised care, custody, control, or management over the firearm; was conscious of his connection with it; and possessed the firearm knowingly or intentionally. *See* TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2012); *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App—Dallas 2004, no pet.).

When the firearm is not found on the accused or is not in his exclusive possession, the evidence must affirmatively link him to the firearm. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet ref'd). No set formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See id.*; *Taylor v. State*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.). We examine factors such as whether the firearm was in plain view, whether appellant owned the place where the firearm was found, whether he was in close proximity to the firearm and had ready access to it, whether he attempted to flee, whether his conduct indicated a consciousness of guilt, and whether he made incriminating statements. *See Smith*, 176 S.W.3d at 916. It is the logical force of the evidence, not the number of links, that supports a fact finder's verdict. *See Evans v. State*, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

Although appellant claims the evidence is legally insufficient to support his conviction, we cannot agree. Officer Christopher Biggs of the Crandall Police Department said he stopped a Dodge Ram pickup truck on US Highway 75 around one o'clock in the morning on February 25, 2010, because its rear license plate was not lighted. As Biggs approached the driver side window, he glanced in the bed of the pickup truck and noticed a camouflage rifle case. The driver, Avriel Maneely, did not have a driver's license but gave her name and address. Biggs got the same information from appellant and Thornborough and ran the information through the Kaufman Sheriff's

Department dispatch. While he was waiting on dispatch to give him the status of each person, Biggs asked Maneely about their activity that evening. Maneely said she, appellant, and Thornborough had been in Seagoville and Mesquite and were driving back to Buffalo where appellant lived. According to dispatch, neither Maneely nor appellant had a valid license, and Thornborough had outstanding felony warrants. After Office Snell arrived to assist Biggs, the officers arrested Thornborough on the outstanding warrants. Snell retrieved the rifle case from the bed of the truck. Inside the case was a Hi-Point 9 millimeter rifle which the officers discovered had been stolen in Limestone County, near Buffalo. Maneely told Biggs she and appellant found the rifle.

Officer Snell said he arrived as a secondary officer to assist Biggs. The pickup was registered to appellant's mother, but appellant admitted it was his truck. Snell recognized the pickup because it was in the parking lot of an Exxon gas station about ten or fifteen minutes earlier. At that time, Snell saw appellant get out of the driver's side of the pickup and change places with Maneely, who had been sitting in the front passenger seat. The gas station was well lighted. According to Snell, the rifle would have been visible to appellant when he switched seats with Maneely.

Snell listened as Biggs asked Maneely where they had been. According to Snell, Maneely said they came from Buffalo, had been at an Arby's in Seagoville, and were headed to Athens. Snell knew there was no Arby's in Seagoville. He also knew Buffalo was south off Interstate 45, and Crandall and Seagoville were not located between Athens and Buffalo. Appellant later clarified it was the Arby's in Mesquite. Nevertheless, Snell thought Maneely's explanation was odd.

Snell walked to the passenger side of the truck and asked appellant if he had "any weapons, guns, knives or pistols" in the vehicle. Appellant responded, "Just what's in the back." Snell saw the rifle case and asked appellant how the gun got in the back of the truck. Appellant said they found it, explaining further that the gun fell out of the back of a pickup truck going down the road and he

—3—

put it in his truck. According to appellant, Thornborough was asleep at the time and did not know anything about the weapon. Snell was suspicious of appellant's story so he asked Maneely where they got the gun. She likewise said they found it but then appellant interrupted her, insisting it fell from a truck while they were in Seagoville.

Appellant's mother, Christine Welch, testified the truck belonged to appellant. She cosigned on the note when he bought it and said the title was in her name because her credit history was better. Nevertheless, appellant had possession of the truck and drove it on a routine basis up until the traffic stop in Crandall.

In this case, the evidence affirmatively linking appellant to the firearm shows appellant had custody and control of the truck and was its primary driver; the gun was in plain view in the bed; although appellant was on the far right of the passenger side, he had recently been driving the pickup and had access to the truck bed and the gun; when asked if he had any weapons, appellant replied, "Just what's in the back;" and appellant admitted "they" found the gun and he picked it up off the road. Although appellant testified at trial he did not know about the gun until Maneely told him just as they were being pulled over, the jury was the fact finder and as such, was free to believe or disbelieve appellant's testimony as well as that of the officers at the scene. *See Coleman v. State*, 145 S.W.3d 649, 655 (Tex. Crim. App. 2004). We conclude the evidence is legally sufficient to link appellant to the firearm. We overrule his sole issue.

We affirm the trial court's judgment.

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110992F.U05

–4–

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RICHARD ADAM WELCH, Appellant

No. 05-11-00992-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 86th Judicial District Court of Kaufman County, Texas. (Tr.Ct.No. 28658-86).
Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

     Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered December 12, 2012.


MOLLY FRANCIS
JUSTICE