REFORM and AFFIRM; Opinion filed March 6, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01565-CR
No. 05-11-01566-CR

## CHRISTOPHER CHARLES SPENCER, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-11-50836-L and F11-50837-L**

# OPINION

Before Justices Lang-Miers, Myers, and Richter[1]
Opinion By Justice Richter

A jury found appellant guilty of evading arrest and possession of a firearm by a felon.

Appellant entered into a plea agreement with the State as to punishment and pled true to the

enhancement allegations. In accordance with the plea agreement, the trial court sentenced

appellant to twenty years' imprisonment in the evading arrest case and twenty-five years'

imprisonment in the possession of a firearm case. In seven issues, appellant now argues:

(1) the deadly weapon finding should be deleted from the judgment in cause number F11-

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

50837-L because there was no associated felony facilitated by appellant's possession of the firearm; (2) the trial court erred in admitting hearsay statements; (3) the trial court erred in overruling appellant's objection to testimony regarding typical behavior during a traffic stop; (4) the trial court erred in denying appellant's request for an instruction to disregard the State's closing argument; (5) the trial court erred in instructing the jury; (6) the evidence was insufficient to support appellant's conviction for unlawful possession of a firearm; and (7) the judgment should be reformed to reflect a conviction for a third degree felony in cause number F11-50836-L. We reform the judgment in cause number F11-50837-L to delete the deadly weapon finding and reform the judgment in cause number F11-50836-L to reflect a conviction for a third degree felony. As reformed, we affirm the trial court's judgment.

## BACKGROUND

On January 4, 2011, there was an active felony warrant for appellant's arrest. Dallas Police Officer Derick Walker contacted Officer Brandon Thompson, also of the Dallas Police Department, with information that the Ford Taurus appellant was believed to be using belonged to appellant's mother, and was located outside an apartment complex. After Officer Thompson set up surveillance, appellant got into the Taurus and drove away. Detective Thompson notified the uniformed officers that appellant was leaving the complex, and followed appellant until the officers in the marked squad car could take over. Initially, the squad cars passed appellant's vehicle, and as they turned around, appellant increased his rate of speed to "approximately 80 to 85 miles per hour." Appellant's driving was erratic and reckless and he refused to pull over.

After traveling through a series of roads and through a car wash, appellant drove into a field and exited the vehicle. The car was still in gear, and continued to roll until it hit another vehicle. Appellant ran through a nearby apartment complex and jumped a fence. The uniformed police officers that had been pursuing appellant in squad cars with lights and sirens on chased appellant through the apartment complex on foot. Appellant was ultimately apprehended about 100 yards from the vehicle.

One officer secured appellant's car and observed a small semi-automatic pistol in plain view on the driver's side floorboard. The gun was loaded with four bullets. After his arrest, appellant gave the police a written statement explaining that a friend gave him the gun for self defense.

### Deadly Weapon Finding

In his first issue, appellant asserts because there was no associated felony facilitated by his possession of the pistol in cause no. F11-50837-L, the affirmative finding of use of a deadly weapon should be deleted from the judgment. The State responds that the finding should not be deleted because the pistol facilitated appellant's commission of the offense of unlawful possession of a firearm by a felon as well as the offense of evading arrest. We agree with appellant.

An affirmative deadly weapon finding may be made where it is shown that a deadly weapon "was used or exhibited during the commission of a felony offense ... and that the defendant used or exhibited the deadly weapon . . . ." TEX. CODE CRIM. PROC. ANN. art.42.12 §§ 3g (a)(2) (West Supp. 2012). An affirmative deadly weapon finding will not be

–3–

supported where the crime is mere possession, as opposed to possession that facilitates the commission of a separate and distinct felony. *Narron v. State,* 835 S.W.2d 642 (Tex. Crim. App. 1992); *Ex Parte Petty,* 833 S.W.2d 145 (Tex. Crim. App. 1992), *abrogated on other grounds by Ex Parte Nelson,* 137 S.W.3d 666 (Tex. Crim. App. 2004). In *Narron* and *Petty,* the defendants were charged with unlawful possession of a deadly weapon. They were found guilty of simple possession, and the trial courts entered affirmative deadly weapon findings. The Court of Criminal Appeals found that because the weapons were not used to facilitate the associated felony, the affirmative deadly weapon findings were erroneous. The court stated:

> This court has interpreted "use" of a deadly weapon in the context of Article 42.12 §§ 3g (a)(2) . . . to include simple possession if such possession facilitates the *associated* felony. . . in order to "use" a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from "mere" possession . . . . .

*Narron,* 835 S.W.2d at 644 (emphasis in original); *Ex Parte Petty,* 833 S.W.2d at 145 (emphasis in original).

Citing *Tyra v. State,* 897 S.W.2d 796, 801 (Tex. Crim. App. 1995), the State argues that *Narron* and *Petty* limit, but do not prohibit, the entry of an affirmative deadly weapon finding in cases involving prosecution for illegal possession of a firearm. In support of this argument, the State insists this was not a case of simple possession because " appellant had a pistol and was ready to use it if necessary." We are not persuaded by this argument.

-4-

The record reflects that the gun was found in appellant's car. Appellant was not in the car when the gun was found, nor did he brandish the weapon as the officers pursued him or as he attempted to flee. Appellant was charged with possession of a firearm by a felon. The gravamen of the offense is possession of the firearm and the offense was complete upon possession. *See Trya*, 897 S.W.2d at 801 (Baird, J., concurring). Therefore, the weapon was not "used" in furtherance of any collateral felony. Because there was no associated felony facilitated by appellant's possession, the affirmative finding of use of a deadly weapon was error. Appellant's first issue is sustained, and the judgment in cause number 05-11-01566-CR (F11-50837) is reformed to delete the following language: "Findings on a deadly weapon: Yes, a firearm."

*Hearsay*

In his second issue, appellant asserts the trial court erred in admitting hearsay statements contained in State's Exhibits 3 and 11. Exhibit 3 was a recording of appellant's telephone conversations while incarcerated. Exhibit 11 consisted of a transcript of portions of these conversations. The State responds that the trial court did not err in admitting Exhibit 3 and appellant failed to preserve error as to Exhibit 11. We agree with the State.

We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). A trial court abuses its discretion only if its decision "lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We consider the ruling in light of what was before the trial court at the time the ruling was made

and uphold the trial court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009).

When the State offered Exhibit 3 for admission into evidence, appellant generally objected "hearsay." When the State responded that the statements were made by the defendant and therefore an exception to the hearsay rule, the trial court overruled the objection. The State initially moved to admit Exhibit 11, the transcript of the recorded conversations, into evidence for demonstrative purposes only. Defense counsel objected that the exhibit was hearsay because, in addition to the statements made by appellant, it contained the statements of others. The State responded that the statements of others were merely contextual, and not being offered for the truth of the matter asserted. The objection was overruled. During cross-examination, defense counsel read from Exhibit 11 while questioning on its contents. The State objected that the exhibit had not been admitted into evidence for all purposes, and requested that the court admit the exhibit for all purposes. Defense counsel replied "I don't have any problem with that. No objection." The trial judge then stated "All right. So this is admitted for all purposes now, by agreement of both sides?" Defense counsel responded "Yes, sir."

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *See* TEX. R. EVID. 801(d). Thus, a statement is not hearsay if it is not offered to prove the truth of the matter asserted. *See Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999). In limited circumstances, out-of-court unsworn statements can be admitted in court if they are offered to provide context for admissible statements because they are not offered for the

truth of the matter asserted. *Langham v. State*, 305 S.W.3d 568, 580–81 (Tex. Crim. App. 2010).

Appellant now attempts to bootstrap the objection to Exhibit 11 to his complaint about Exhibit 3, arguing that Exhibit 3 was improperly admitted because "the trial court was aware that the recording contained statements of others that are not covered by Rule 801(e)(2)." It is axiomatic, however, that Exhibit 3 and Exhibit 11 are separate, albeit related, exhibits. In asserting a general hearsay objection to exhibit 3, appellant failed to specify that his complaint was directed toward the statements of others as opposed to statements made by appellant. The context of the objection is evident in the State's response that the alleged hearsay statements on the tape are appellant's statements, as well as in the trial court's subsequent ruling. *See* TEX. R. EVID. 801(e)(2), (admission by party-opponent). Considering appellant's argument within the narrow context in which the objection was made,(i.e. a general hearsay objection), we cannot conclude the trial court erred in admitting Exhibit 3. A party's own statements are not hearsay when offered against that party. *See* TEX. R. EVID. 801(e)(2)(A); *Trevino v. State*, 991 S.W.2d 849, 852–53 (Tex. Crim. App. 1999); *see also Johnson v. State*, 263 S.W.3d 405, 422–23 (Tex. App.—Waco 2008, pet. ref'd). Moreover, even if exhibit 3 was erroneously admitted, the admission was harmless because the same information was admitted into evidence without objection through Exhibit 11. *See Smith v. State*, 236 S.W.3d 282, 300 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that erroneous admission of hearsay was harmless because same information properly admitted into evidence through another source); *Brooks v. State*, 990 S.W.2d 278,

287 (Tex. Crim. App. 1999) (admission of inadmissible evidence becomes harmless error if other evidence admitting the same fact is admitted elsewhere).

With regard to appellant's complaint about the admission of Exhibit 11, nothing has been preserved for our review. Although appellant initially objected to the admission of the exhibit for limited purposes, he subsequently agreed to admission of the exhibit in its entirety. Where counsel affirmatively states that he has no objection to the admission of evidence, any error in overruling a prior objection to the evidence is waived and the evidence is properly admitted. *Reed v. State*, 703 S.W.2d 380, 385 (Tex. App. — Dallas 1985, pet. ref'd). Appellant's second issue is overruled.

### Questions about Behavior During a Traffic Stop.

In his third issue, appellant contends the trial court erred in allowing testimony concerning typical behavior during a traffic stop because the normalcy of appellant's actions is not relevant. The State responds that the testimony was relevant to the determination of whether appellant evaded arrest.

We review the admissibility of evidence under an abuse of discretion standard of review. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). The trial court's ruling should be upheld if it is within the zone of reasonable disagreement. *Id.*

During the questioning of Officer Derick Walker, the State inquired as to whether drivers tend to pull over when an officer activates the lights and sirens on his squad car. When the State asked "What percentage of the stops that you made would you say they actually run," appellant's counsel objected "Relevancy." The trial court overruled the

objection.

Relevant evidence is defined as "evidence having any tendency to make the existence of fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX. R. EVID. 401. Evidence that is not relevant is inadmissible. *See* TEX. R. EVID. 402. Appellant was charged with evading arrest. To prove appellant guilty of the crime as charged, the State must establish: (1) a person (2) intentionally flees (3) from a peace officer (4) with knowledge that the officer is a peace officer (5) who is attempting to arrest or detain the person, and (6) the attempted arrest or detention was lawful. TEX. PENAL CODE ANN. § 38.04 (West Supp. 2012).

Appellant argues that "the fact that most people do not drive away when a police officer's lights are activated merely suggests that appellant's behavior may have been strange, but not that it was unlawful." We disagree. The testimony that very few people flee when a squad car initiates a stop by activating its lights is relevant to the offense of evading arrest, and goes to appellant's intent. The fact that most people pull over after the police initiate a stop makes it more probable that appellant intentionally disregarded the officer's attempt to pull him over. Appellant's third issue is overruled.

### Instruction to Disregard

In his fourth issue, appellant argues the trial court erred in refusing to instruct the jury to disregard a statement made by the State during closing argument. The State responds that the argument was permissible because it was a proper plea for law enforcement. During the guilt/innocence phase of the trial, the State argued:

> Ladies and Gentlemen, let me tell you something: your verdict of guilt
> for evading– he's conceded that. But your verdict of guilty on the UPF
> felon isn't telling him something he doesn't already know.

Appellant's counsel objected that the State's argument constituted a comment on appellant's failure to testify, and the trial court sustained the objection and told the State to rephrase. When appellant's counsel requested that the jury be instructed to disregard the statement, the judge stated "Overruled."

We review a trial court's ruling on an objection to a jury argument for an abuse of discretion. *See Montgomery v. State,* 198 S.W.3d 67, 95 (Tex. App.—Fort Worth 2006, pet. ref'd). Proper jury argument falls into one of four categories: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to the argument of opposing counsel, and (4) plea for law enforcement. *See Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). The Texas Court of Criminal Appeals has consistently held that counsel may, in his final argument, "draw from the facts in evidence all inferences that are reasonable, fair, and legitimate and that he has wide latitude without limitation in this respect so long as the argument is supported by the evidence and offered in good faith." *See Vaughn v. State,* 607 S.W.2d 914, 922–23 (Tex. Crim .App. [Panel Op.] 1980).

In the present case, we cannot conclude the trial court erred in refusing an instruction because the argument is not improper. Despite the fact that the trial judge sustained the objection, we do not view the prosecutor's statement as an express or implied comment on appellant's failure to testify. While the statement is difficult to categorize or comprehend, it is does not rise to the level of improper jury argument. Because the argument was within

the scope of proper jury argument, the trial court did not err in refusing to instruct the jury to disregard it. Appellant's fourth issue is overruled.

### Charge Error

In his fifth issue, appellant argues the trial court erred in instructing the jury by including instructions on probable cause and reasonable suspicion and by not applying the facts to the law in the charge. The State responds that the charge was not error, or alternatively, appellant did not suffer egregious harm.

The State concedes that the instructions on probable cause and reasonable suspicion are superfluous in this case, and we agree. But even if the instructions were given in error, we cannot conclude appellant suffered egregious harm.

Appellant did not object to the charge at trial. But even absent an objection to the charge at trial, an improper jury charge is reversible error when the error is so egregious and caused such harm that Appellant has not had a fair and impartial trial. *Olivas v. State,* 202 S.W.3d 137, 146 (Tex. Crim. App. 2006); *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim. App. 1985); *Warner v. State,* 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). Errors that result in "egregious harm" are those that affect the very basis of the case, deprive Appellant of a valuable right, or vitally affect a defensive theory. *Warner,* 245 S.W.3d at 461-462. Generally, to assess the harm resulting from jury-charge error, a reviewing court examines (1) the entire jury charge, (2) the state of the evidence, including contested issues and the weight of the probative evidence (3) the arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Olivas,* 202 S.W.3d at 144;

*Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006); *Almanza*, 686 S.W.2d at 173.

It is the application paragraph rather than the abstract portion of the charge that authorizes a conviction. *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012); *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996). An abstract charge on a theory of law that is not applied to the facts does not authorize the jury to convict on that theory. *Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995). Generally, reversible error occurs in the giving of an abstract instruction only when the instruction is an incorrect or misleading statement of a law that the jury must understand in order to implement the commands of the application paragraph. *Crenshaw*, 378 S.W.3d at 466. The court of criminal appeals has held that superfluous definitions in the abstract portion of a jury charge which are not necessary to an understanding of concepts or terms contained in the application paragraph are generally innocuous. *See Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997).

The State's theory at trial was that the outstanding felony warrant provided the basis for appellant's arrest. Consequently, the definitions of probable cause and temporary detention were superfluous. The question then becomes whether these superfluous definitions caused appellant to suffer egregious harm. Errors that result in egregious harm are those that affect the very basis of the case, deprive appellant of a valuable right, or vitally affect a defensive theory. *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008).

Appellant argues he was harmed because the charge allowed the jury to determine the lawfulness of the attempted arrest on an improper basis. We disagree. The arrest was based on the warrant and the validity of the warrant was not at issue. Although appellant claims he "questioned multiple witnesses concerning the existence and lawfulness of the warrant," the record does not support this assertion. Rather, the record reflects that there were questions only about the existence of the warrant and the fact that it formed the basis for the arrest. Therefore, the superfluous language in the abstract portion of the charge was immaterial to the jury's implementation of the application paragraph and did not affect the basis of the case or a defensive theory. *See id.* Indeed, because the definitions were not necessary to an understanding of the application paragraph, the superfluous definitions were innocuous. *See Plata*, 926 S.W.3d at 302.

In addition, the record is replete with evidence to support the jury's finding that appellant was guilty of evading arrest. Appellant refused to pull over or slow down when the police attempted to pull him over, and then made a subsequent effort to flee on foot. Transcripts of appellant's recorded telephone conversations show statements by appellant that the evading arrest "was [his] fault," and that he was "trying to get away." Therefore, we cannot conclude that the two superfluous definitions denied appellant a fair and impartial trial. *See Warner*, 245 S.W.3d at 461. Appellant's fifth issue is overruled.

### Sufficiency of the Evidence

In his sixth issue, appellant argues the evidence is insufficient to support appellant's conviction for unlawful possession of a firearm because the State failed to establish that

appellant exercised actual care, custody, control, or management of the gun. We review the sufficiency of evidence to support a criminal conviction to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as these are the functions of the trier of fact. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The jury may reasonably believe or not believe the witnesses, or any portion of their testimony, and jurors may believe a witness even though some of the testimony may be contradicted. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We presume the factfinder resolved any conflicting evidence in favor of the verdict, and we defer to that resolution so long as it is supported by the record. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

To establish unlawful possession of a firearm by a felon, the State was required to show appellant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision under community supervision, parole, or mandatory supervision, whichever date is later. TEX. PENAL CODE ANN. §46.04(a) (1) (West 2011); *see also Martinez v. State*, 986 S.W.2d 779, 780 (Tex. App.—Dallas 1999, no pet.). "Possession" means actual care, custody, control, or management." TEX. PENAL CODE ANN. §1.07(a)(39) (West 2011). A person commits a possession offense only if he voluntarily possesses the prohibited item.

*See id.* §6.01(a) (Vernon 2003). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* § 6.01(b).

The State must show appellant exercised actual care, control, or custody of the firearm; he was conscious of his connection with the firearm; and he possessed the firearm knowingly or intentionally. *Bates v. State,* 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.). When there is no evidence the appellant was in exclusive control of the place where the firearm was found, the State must offer additional, independent facts and circumstances affirmatively linking him to the firearm. *See Poindexter v. State,* 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). The purpose of affirmatively linking the accused to the firearm is to protect innocent bystanders from conviction based solely on their fortuitous proximity to the firearm. *Id.*

In determining whether sufficient affirmative links exist, we examine factors such as whether the firearm was in plain view, whether appellant owned the residence where the firearm was found, whether he was in close proximity to the firearm and had ready access to it or whether it was found on him, whether he attempted to flee, whether his conduct indicated a consciousness of guilt, whether he had a special connection to the firearm, whether the firearm was found in an enclosed space, and whether he made incriminating statements. *See Bates,* 155 S.W.3d at 216–17. No set formula of facts exists to dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband. *Taylor v. State,* 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.). It is

the "logical force" of the factors, not the number of factors present, that determines whether the elements of the offense have been established. *Id.; Hawkins v. State,* 89 S.W.3d 674, 677 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Here, the State presented evidence linking appellant to the firearm found in the vehicle. Following his arrest, appellant gave a written statement that his "homeboy" gave him the pistol for self-defense. At trial, the jury also heard recorded conversations in which appellant tries to arrange for someone else to claim ownership of the gun. The pistol was found in plain view "about halfway between what would be the gas pedal and the right side of the driver's seat, where it's bolted in the ground." Appellant suggests he may not have been aware of the gun and that it made have been hidden under the seat and dislodged in the crash. But the jury heard the evidence and determined that appellant was in possession of the pistol. Viewing the evidence in the light most favorable to the verdict, we conclude the evidence was sufficient to link appellant to the firearm. Appellant's sixth issue is overruled.

### *Reformation of the Judgement*

In his seventh and final issue, appellant maintains the judgment should be reformed to reflect a conviction for a third degree felony in cause number F11-50836-L. The State agrees that the judgment should be reformed.

We have the authority to correct the judgment of the court below to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). In the present case, appellant was indicted in Cause number 05-11-01565-CR (F11-50836) for the offense

of evading arrest. The indictment charged that appellant used a vehicle while in flight. Evading arrest is a Class A misdemeanor. TEX. PENAL CODE ANN. § 38.04(b) (West Supp. 2012). But the offense is a third degree felony if the actor uses a vehicle while evading arrest. TEX. PENAL CODE ANN. § 38.04(b)(2)(A). Appellant was tried for the third degree felony of evading arrest. But the judgment recites that appellant was tried for a second degree felony. Therefore, we sustain appellant's seventh issue and reform the judgment in cause number 05-11-01565-CR (F11-50836-L) to reflect that appellant was convicted of the third degree felony of evading arrest.

## CONCLUSION

We reform the judgment in cause number 05-11-01566-CR (F11-50837) to delete the following language: "Findings on a deadly weapon: Yes, a firearm." We reform the judgment in cause number 05-11-01565-CR (F11-50836-L) to reflect that appellant was convicted of the third degree felony of evading arrest. As reformed, the trial court's judgments are affirmed.

_____
MARTIN RICHTER
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

111565F.U05

−17−



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER CHARLES SPENCER,
Appellant

No. 05-11-01565-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 5 of Dallas County, Texas. (Tr.Ct.No. F11-50836-L).
Opinion delivered by Justice Richter, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** to reflect that appellant was convicted of the third degree felony of evading arrest. As reformed, the judgment is **AFFIRMED**.

Judgment entered March 6, 2013.

_____
MARTIN RICHTER
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHRISTOPHER CHARLES SPENCER,
Appellant

No. 05-11-01566-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal Disrtict Court No. 5 of Dallas County, Texas. (Tr.Ct.No. F11-50837-L).
Opinion delivered by Justice Richter, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** to delete the following language " Findings on a deadly weapon: Yes, a firearm." As reformed, the judgment is **AFFIRMED**.

Judgment entered March 6, 2013.

_____

MARTIN RICHTER
JUSTICE