**Opinion issued April 8, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00213-CR

_____

## CRAIG EUGENE JOHNSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1359244**

## MEMORANDUM OPINION

Appellant Craig Eugene Johnson was charged by indictment with unlawful possession of a firearm by a felon, enhanced by one prior felony conviction. The jury found Johnson guilty and assessed the punishment at confinement in prison

for two years.  On appeal, Johnson challenges the sufficiency of the evidence to support his conviction.  We affirm.

**Background**

In August 2012, two Houston Police Department officers executed a no-knock warrant to search Johnson's townhouse and found Johnson home alone. Officer D. Curtis testified at trial that he found Johnson sitting at a computer desk on the second floor—Johnson was calm and did not attempt to flee.

The officers found a loaded handgun in the master bedroom, which was on the second floor adjacent to the area in which Johnson was sitting.  The firearm was lying on the floor among Johnson's clothing and several prescription pill bottles issued to Johnson.  Officer Curtis testified that officers also found a small quantity of crack cocaine and a digital scale in Johnson's kitchen, along with three beige rock-like substances under the desk where Johnson had been sitting.

Johnson testified at trial that he lived alone in the townhouse and had been leasing it for "[s]ix, going on seven years," but that the firearm was not his and that he did not know it was in the townhouse.  Johnson testified that he had recently allowed two female acquaintances to stay in the townhouse for about a week.  He told them to leave because they were doing drugs, but he never retrieved his house keys from them.  Additionally, Johnson testified that he thought an intruder had been in his townhouse on the day the officers executed the warrant.  He believed

2

this because the air conditioner was on when he arrived home and he always turned it off on his way out. Johnson also suggested that the officers planted the firearm. He testified that officers claimed to have found the firearm only after an unidentified officer arrived at the scene over an hour after the search began and took something inside the house.

On rebuttal, the State recalled Officer Curtis to impeach Johnson's testimony. Officer Curtis testified that, on the day the officers executed the warrant, Johnson admitted owning the firearm. The trial court's charge instructed the jury to consider this evidence to aid in determining Johnson's credibility and not to consider it as evidence establishing Johnson's guilt:

> You are instructed that a witness may be impeached by showing that he or she has made other and different statements out of court from those made before you in the trial. Such impeachment evidence may be considered by you to aid you in determining, if it does so, the weight, if any, to be given the testimony of the witness at trial and his or her credibility; but such impeaching evidence is not to be considered as tending to establish the alleged guilt of the defendant in such case.

### Sufficiency of the Evidence

In his sole point of error, Johnson challenges the sufficiency of the evidence to support his conviction on the grounds that the State failed to establish that he exercised actual care, custody, control, or management of the firearm.

3

**A. Standard of Review**

When evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (en banc). The standard is the same for both direct and circumstantial evidence cases. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).

We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We therefore resolve any inconsistencies in the evidence in favor of the verdict, *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991) (en banc), and "defer to the jury's credibility and weight determinations." *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

**B. Applicable Law**

To establish unlawful possession of a firearm by a felon, the State must prove beyond a reasonable doubt that the accused was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from community supervision,

parole, or mandatory supervision, whichever date is later. TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011); *Hawkins v. State*, 89 S.W.3d 674, 677 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

"Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." TEX. PENAL CODE ANN. § 6.01(b) (West 2011); *Hawkins*, 89 S.W.3d at 677. "If the firearm is not found on the defendant or is not in his exclusive possession, the evidence must affirmatively link him to the firearm." *James v. State*, 264 S.W.3d 215, 218–19 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). This rule protects the innocent bystander—such as a relative, friend, or even stranger to the actual possessor—from conviction merely because of his fortuitous proximity to a firearm belonging to someone else. *See Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006); *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd).

The State may establish possession by proving links which demonstrate that the defendant "was conscious of his connection with the weapon and knew what it was." *James*, 264 S.W.3d at 219. Several nonexclusive factors may establish such a link:

> (1) the defendant was present at the time of the search; (2) the defendant was the owner of or had the right to control the location where the firearm was found; (3) the firearm was in plain view; (4) the defendant was in close proximity to and had access to the

firearm; (5) firearms or other contraband were found on the defendant; (6) the defendant attempted to flee; (7) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (8) the defendant had a special connection or relationship to the firearm; (9) the place where the firearm was found was enclosed; and (10) affirmative statements connected the defendant to the firearm, including incriminating statements made by the defendant when arrested.

*See Williams v. State*, 313 S.W.3d 393, 397–98 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *James*, 264 S.W.3d at 219; *see also Evans*, 202 S.W.3d at 162 & n. 12.

The "number of . . . links proven is not as important as the logical force that they collectively create," *Hubert v. State*, 312 S.W.3d 687, 691 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd), and, "[t]he absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *James*, 264 S.W.3d at 219. The evidence used to satisfy these elements can be direct or circumstantial. *Hawkins*, 89 S.W.3d at 677.

**C.    Analysis**

To convict Johnson, the State had to prove beyond a reasonable doubt that Johnson (1) was previously convicted of a felony offense and (2) possessed a firearm after the previous conviction and before the fifth anniversary of his release from confinement or from community supervision, parole, or mandatory supervision for the previous conviction, whichever date is later. TEX. PENAL CODE ANN. § 46.04(a)(1); *Hawkins*, 89 S.W.3d at 677.

6

Johnson contends that there was only one piece of evidence linking him to the firearm—Officer Curtis's impeachment testimony that Johnson admitted ownership of the firearm at the scene. From this premise, Johnson argues that his conviction must be reversed because the jury improperly relied on that impeachment evidence to establish Johnson's guilt. We disagree with Johnson's premise.

Aside from Officer Curtis's impeachment testimony about Johnson's admission, the State adduced evidence sufficient to affirmatively link Johnson to the firearm. First, it is undisputed that Johnson was the only person present in the townhouse when the police officers executed the search warrant and found the firearm. *See Evans*, 202 S.W.3d at 162, n.12 (presence when search conducted is affirmative link). Second, Johnson admitted that he was responsible for the townhouse. He testified that he lived in it alone and had been leasing it for over six years. *See id.* (evidence that defendant had right to possess place where contraband is found is affirmative link). Third, Officer Curtis testified that the firearm was found in plain view on Johnson's bedroom floor, lying among Johnson's personal items, and that the bedroom was adjacent to the computer area where officers found Johnson. *See id.* (whether contraband was in plain view, as well as proximity and accessibility of contraband to appellant are affirmative links).

Johnson contends the evidence is insufficient because he was not in exclusive possession of the townhouse and did not flee or otherwise exhibit consciousness of guilt. According to Johnson, the State failed to prove exclusive possession because he adduced evidence that his two former houseguests still had keys to the townhouse, that an intruder had been in the townhouse earlier that day, and that an officer planted the firearm. Johnson also correctly points out that there was no evidence that he demonstrated a consciousness of guilt, because Officer Curtis testified that Johnson was calm and did not attempt to flee. But these were factors for the jury to consider in weighing the evidence, and we defer to the jury's resolution of these issues. *See Henson v. State*, 388 S.W.3d 762, 773 (Tex. App.—Houston [1st Dist.] 2012), *aff'd*, 407 S.W.3d 764 (Tex. Crim. App. 2013) ("verdict of guilty is an implicit finding rejecting the defendant's [defensive] theory"); *Williams v. State*, 313 S.W.3d 398 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding evidence sufficient to support conviction for unlawful possession of firearm despite appellant's cooperation with police and absence of evidence showing appellant touched firearm where evidence showed appellant owned vehicle in which firearm was found and firearm's case was in plain view); *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd) (holding State is not required to prove appellant had exclusive possession of the firearm).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational juror could have found beyond a reasonable doubt that Johnson committed the offense of felon in possession of a firearm. Accordingly, we hold the evidence was legally sufficient to support the judgment. *See Jones v. State*, 338 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011) (affirming conviction for firearm possession where evidence showed appellant lived and paid rent at residence where firearms were found, one of two firearms was in plain view in same room with mail addressed to appellant, his wallet and medication were located in other bedroom near other firearm, and others were present at the home), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012); *Roland v. State*, No. 14-11-00584-CR, 2012 WL 2784404, at *3–4 (Tex. App.—Houston [14th Dist.] July 10, 2012, no pet.) (affirming conviction for possession of controlled substance where appellant admitted living in the home and was sitting in room adjacent to room in which contraband was found in plain view and among appellant's personal documents); *Nhem v. State*, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that appellant's driver's license and mobile phone bills in close proximity to controlled substance were sufficient to link him to controlled substance).

Because we have concluded that evidence independent of the impeachment testimony is sufficient to support the conviction, we reject Johnson's contention

that the jury must have improperly disregarded the trial court's instruction regarding the proper use of impeachment evidence. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (en banc) ("We generally presume the jury follows the trial court's instructions in the manner presented."); *Hisey v. State*, 129 S.W.3d 649, 654 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd) ("[T]he jury is presumed to have understood and followed the court's charge, absent evidence to the contrary.").

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do Not Publish. TEX. R. APP. P. 47.2(b).